# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-05040-01-02-CR-SW-RED |
| | ) | |
| JOSE INES IBARRA and | ) | |
| NICOLASA SALAS-SERRANO, | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants' Motion that Magistrate Judge Reconsider Report and Recommendation, to which the government has responded.

In Count Fourteen of the superseding indictment, defendant Ibarra was charged with knowingly possessing an alien registration card on November 7, 2005, knowing it to have been procured by means of a false claim or statement, that is, a false and fraudulent employer letter, in violation of 18 U.S.C. § 1546(a). Defendant contends that the five-year statute of limitations started running as of October 26, 1990, when the government was aware that he was in possession of an alien registration receipt card, coupled with the statements that he allegedly made on that date to an Immigration Officer that a false and fraudulent employer letter from Timothy Askew had been used to obtain the card. He supports his argument by the general principle that criminal limitation statues should be liberally construed, and that a statute of limitations normally begins to run when the crime is complete. It is his contention, additionally, that the 2005 possession of the Green Card should not be construed as a "continuing offense," because that doctrine should be applied only in limited circumstances, and only when the explicit

language of the substantive criminal statute compels such a conclusion, in reliance on <u>Toussie v. United States,</u> 397 U. S. 112, 115 (1970). He asserts that no such explicit language exists in § 1546(a), given that the statute does not even mention the statute of limitations. Defendant also contends that the nature of the charged "possession" is not such that Congress intended that it be treated as a continuing one. It is his position that "[t]here is no indication that Congress intended that 'possessing' a green card obtained by fraud to be treated [sic] as a continuing offense so that an alien whom the authorities have once taken into custody with knowledge of the illegality of his presence may be repeatedly deemed to 'possess' the green card at some later time or times." [Defendants' Motion for Reconsideration, at 14]. He contends that it would be inappropriate to construe the possession of the green card as a continuing offense and permit the government to correct its own oversight by unilaterally extending the limitations period, given the government's knowledge of the false document in 1990, and the fact that, even with the knowledge that the employer letter was false, it re-issued the green card. Defendant asserts, therefore, that the possession of the green card in 1990 was complete when Immigration knew the employer letter was false. He requests that the Court find that the five-year statute of limitations began to run in 1990, and dismiss Court Fourteen as being outside the time limit.

It is the government's position that the offense ended on November 7, 2005, when defendant was found in actual possession of the fraudulently obtained green card. The government asserts that the offense charged in Count Fourteen has two essential elements: that defendant knowingly possessed an alien registration receipt card on November 7, 2005; and that defendant knew the alien registration receipt card had been obtained by fraud prior to that date. It is contended that defendant is charged with a possessory offense, which continues until the possession came to an end. The government reiterates that defendant is not charged with making

false statements and representing fraudulent documents as genuine in order to fraudulently obtain a green card, which might support his argument. Rather, he is charged with possession of the green card, which was obtained as a result of his fraud, and that offense is a continuing offense until the possession came to an end on November 7, 2005. The government asserts that § 1546(a) is not ambiguous regarding this offense, the language is unequivocal, and the nature of the crime itself compels the conclusion that it is a continuing offense. Applying the plain meaning of the word "possession" compels the conclusion that Congress intended that part of the statute to be continuing in nature, according to the government, and the statute, need not, under the Toussie test, explicitly state that the offense is continuing in nature.

18 U.S.C. § 3282 provides, in pertinent part, that an indictment generally must be instituted within five years after an offense has been committed. In Toussie, the Supreme Court held that by enacting § 3282, Congress "has declared a policy that the statute of limitations should not be extended 'except as otherwise provided by law.'" 397 U.S. at 115 (quoting 18 U.S.C. § 3282).

The Court has fully reviewed the arguments of the parties, applicable case law, and the statute in question. After careful review, it is the Court's finding that the government's position is correct, and that possession of a fraudulently obtained green card is a continuing offense, for which the statute of limitations period did not begin to run until that possession ended on November 7, 2005. The analysis of whether the offense of knowingly possessing an alien registration card, knowing it to have been procured by means of a false claim or statement, in violation of 18 U.S.C. § 1546(a), is a continuing offense, is guided by the rationale in Toussie. Toussie held that the offense of failing to register for the draft was not a continuing offense and that the return of an indictment against Toussie more than five years after the date he was

required, but failed, to register was untimely under 18 U.S.C. § 3282. The Court noted that the purpose of the criminal statute of limitations is to protect individuals from having to defend conduct of the "far-distant past." 397 U.S. at 115. Therefore, "criminal limitations statutes are to be liberally interpreted in favor of repose." Id. (internal quotations and citations omitted). This means that a statute of limitations normally will begin to run when the crime is complete, unless the crime charged is deemed to be a continuing offense. The Court held that the continuing offense doctrine is applicable if the explicit language of the substantive criminal statute compels such a conclusion, or if the nature of the crime involved is such that Congress would "assuredly have intended that it be treated as a continuing one." Id.

In this case, there is not explicit language in § 1546(a) that compels a conclusion that the delineated offenses, specifically, possession of a fraudulent alien registration receipt, are continuing ones, and it could be concluded, accordingly, that the first prong of Toussie is not met. Under the second prong, however, the Court finds that the test is met because the crime charged is one of possession in the general sense of the word, and such crimes are, by their nature, ones that Congress intended to be treated as continuing offenses. As a myriad of courts have held, crimes of possession begin when the defendant first obtains possession and continues so long as the defendant has possession. See e.g., United States v. Cunningham, 902 F. Supp. 166, 169 (N.D. Ill. 1995) (finding that possession of stolen mail is a continuing offense); United States v. Blizzard,, 27 F.3d 100 (4th Cir. 1994)(offense of knowingly concealing and retaining stolen government property constitutes a continuing offense); United States v. Maxim, 55 F.3d 394 (8th Cir.1995) (possession of firearms by a convicted felon was a continuing offense, which continued to occur each day the defendant possessed the weapons). In Blizzard, the Fourth Circuit explained:

> Mindful of Toussie 's lesson that a criminal statute of limitations should be liberally applied in favor of repose, the nature of the offense of knowingly concealing and retaining stolen government property, nevertheless, convinces us that Congress intended for that offense to be a continuing one. Stolen government property is not unlike contraband. The passage of time does not give the defendant a license to possess it. The government may prosecute a person who continues to possess unlawful drugs irrespective of the date he first possessed them. There is no reason to treat differently a person who continues to conceal and retain stolen government property. In either case, the defendant is not subjected to prosecution for acts in the far-distant past. Rather, he is subjected to prosecution for a possessory offense within the five-year statute of limitations. As this court has stated in other, but instructive, contexts-'[p]ossession is by nature a continuing offense. . . .'

Id. at 102, citing Jordan v. Virginia, 653 F.2d 870, 875 (4th Cir.1980). The Court finds that this reasoning is equally applicable in the context of possession of a alien registration receipt obtained through fraud, where possession is the "essence of the offense," and "Congress must have intended that it be treated as a continuing offense." See United States v. Fleetwood, 489 F.Supp. 129, 132 (D. Or.1980). As the government has suggested, had defendant been charged with making false statements and representing fraudulent documents as genuine in order to fraudulently obtain a green card, his argument that the statute of limitations has run because agents of the government discovered his fraud in 1990 might have merit. That is obviously not the crime with which defendant has been charged. While it will be the government's responsibility to prove the elements of the offense at trial, it is clear to the Court that Count Fourteen should not be dismissed at this stage of the proceedings for a statute of limitations violation. Court Fourteen satisfies the second prong of the Toussie test, and it must therefore be recommended that defendants' Motion for Reconsideration to dismiss Count Fourteen for violating the statute of limitations be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion for Reconsideration be, and it is hereby,

denied. It is further

SUPPLEMENTALLY RECOMMENDED that defendant's Motion to Dismiss Count Fourteen of the Superseding Indictment should be denied.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 3/8/07